**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 12-9004-MC-C-NKL |
| | ) | |
| REBECCA J. KREMER, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

A petition to enforce an Internal Revenue Service ("IRS") summons was filed by the United States of America on March 7, 2012.[1]

Respondent Rebecca J. Kremer failed to answer or otherwise challenge the allegations of the petition. Thus, on May 1, 2012, the Court entered an order directing respondent to appear before the undersigned at the United States Courthouse, 80 Lafayette Street, Courtroom 3-A, Jefferson City, Missouri, at 10:00 a.m. on June 11, 2012, to show cause why the IRS summons should not be enforced.

A certified copy of the order was personally served on respondent's husband, Harvey Kremer, on May 8, 2012, at her last and usual place of abode by the United States Marshal's Service. Respondent failed to appear on June 11, 2012.[2]

In United States v. First Nat. Bank of Mitchell, 691 F.2d 386, 387 n.3 (8th Cir. 1982), the court stated that whether to enforce an IRS summons can be decided on the written record, as follows:

> Generally, a taxpayer is entitled to a hearing prior to enforcement of an IRS summons. United States v. Powell, 379 U.S. 48 (1964). However, this right is not absolute. If the person summoned neither challenges allegations in the complaint nor raises proper

_____

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

[2]Record was made of this Court proceeding.

affirmative defenses, no evidentiary hearing is required; the matter can be decided on the written record.

As of the date of this report and recommendation, respondent has not filed an answer or any other pleading challenging any allegation in the petition or raising an affirmative defense, and has failed to appear in response to an order of this Court to show cause why the summons should not be enforced. Therefore, this report and recommendation is based on the written record, including the declaration of Revenue Officer Margaret K. Kueffer ("Officer Kueffer").

## I. Findings of Fact

1. Officer Kueffer is employed by the IRS as a Revenue Officer.

2. Officer Kueffer is conducting an investigation into the collection of unpaid employment tax liabilities of respondent for the quarters ending March 31, June 30, September 30 and December 31, 2010; and March 31, June 30 and September 30, 2011; and the assessment of respondent's personal tax liabilities for the years 2009 and 2010.

3. On November 23, 2011, Officer Kueffer, in furtherance of her investigation, issued a summons directed to respondent. Officer Kueffer served an attested copy of the summons on respondent by leaving it at her last and usual place of abode with respondent's son-in-law, Marshall Chase. The summons required respondent to appear before Officer Kueffer at 9:00 a.m. on December 29, 2011, to produce for examination her books, papers, records, and other data as described in the summons from which the IRS can determine respondent's assets for collection of her unpaid employment tax liabilities and assessment of her personal tax liabilities and to testify about those records and generally about her income. Respondent did not appear on December 29, 2011, or otherwise comply with the summons.

4. Respondent was afforded another opportunity to comply with the summons by appearing before Officer Kueffer on February 16, 2012. Respondent failed to appear on February 16, 2012, or otherwise comply with the summons.

5. The testimony, books, records, papers and other data sought by the summons are necessary to properly determine the unpaid employment tax liabilities for the quarters ending March 31, June 30, September 30 and December 31, 2010; and March 31, June 30 and

2

September 30, 2011; and the assessment of respondent's personal tax liabilities for the years 2009 and 2010.

6. The books, papers, records, and other data sought by the summons are not already in the possession of the IRS.

7. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

8. There has been no referral made by the IRS to the Department of Justice for criminal prosecution of respondent.

## II. Internal Revenue Service Summons

The IRS may issue a summons in order to inquire into any offense connected with the administration or enforcement of the internal revenue laws. 26 U.S.C. § 7602(b). In order to establish a prima facie case for enforcement of a summons, the Government must make a "minimal showing" that (1) the summons is for a legitimate purpose, (2) the material being sought is relevant to the investigation, (3) the information is not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make a prima facie case. United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir. 1990); United States v. Will, 671 F.2d 963,966 (6th Cir. 1982).

Once the Government establishes a prima facie case for enforcement of a summons, the burden shifts to the respondent to show that the summons was issued for an improper purpose or was otherwise deficient. United States v. Abrahams, 905 F.2d at 1280; United States v. Beacon Federal Savings & Loan, 718 F.2d 49, 52 (2d Cir. 1983). In contrast to the Government's "minimal burden" to make out a prima facie case, the party resisting the summons bears a "heavy" burden of disproving the IRS assertion. United States v. Abrahams, 905 F.2d at 1280.

Based on the declaration of Officer Kueffer, the Court finds that the IRS has made out a prima facie case for enforcement of the summons. By means of Officer Kueffer's declaration, the IRS has clearly made the minimal showing necessary to satisfy its threshold burden that the Powell requirements were met. The declaration states that (1) the information sought is

Case 2:12-mc-09004-NKL   Document 9   Filed 06/14/12   Page 3 of 5

necessary for the collection of unpaid employment tax liabilities of respondent for the quarters ending March 31, June 30, September 30 and December 31, 2010; and March 31, June 30 and September 30, 2011; and the assessment of respondent's personal tax liabilities for the years 2009 and 2010; (2) the information sought is material and necessary since it will show whether any assets of the taxpayer are available to satisfy the tax liability for those periods mentioned above; (3) the information is not already in the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been followed.  Therefore, the IRS is entitled to an order for enforcement of this summons, unless the respondent can show that the summons was issued for an improper purpose or was otherwise deficient.  United States v. Abrahams, 905 F.2d at 1280.  Since respondent has failed to answer or otherwise respond, and failed to appear in response to the order of this Court directing her to appear and show cause why the summons should not be enforced, she has failed to meet this heavy burden.

### III.  Conclusion

The undersigned finds that the IRS has made out a prima facie case for enforcement of the summons and that respondent has failed to show that the summons was issued for an improper purpose or was otherwise deficient.  Therefore, it is

RECOMMENDED that the Court, after making its own independent review of the record, enter an order directing compliance with the summons on a date and at a time agreed upon by Officer Kueffer and respondent Rebecca J. Kremer, but not later than thirty days after service of an order directing compliance with the summons upon respondent.  It is further

ORDERED that the Clerk of the Court forward a copy of this Report and Recommendation to respondent Rebecca J. Kremer at 163 Scenic Acres Lane, Bonnots Mill, Missouri 65016-2424.

All parties and counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to the Report and Recommendation.  A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

4

Dated this 13th day of June, 2012, at Jefferson City, Missouri.

/s/  *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

5